**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1851-24

MARIETTA ATKINSON,

    Plaintiff-Respondent,

v.

NOELLE MCGUIRE,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided February 3, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0545-24.

David S. Rochman, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Defendant Noelle McGuire appeals from a December 18, 2024 order denying her motion requesting recusal of the trial judge from further proceedings. Discerning no abuse of discretion, we affirm.

I.

We recount the following salient facts from the record. On December 13, 2023, plaintiff Marietta Atkinson filed a complaint for divorce against defendant. The parties filed numerous motions prior to the entry of the February 25, 2025 final judgment of divorce.

On October 17, 2024, defendant moved to have the judge recuse himself, alleging judicial bias. Defendant asserted in a certification the proceedings had been unfair and warranted the judge's recusal under <u>Rule</u> 1:12-1(g) based on the judge's role in a prior disciplinary matter involving her counsel, the judge's repeated interruptions of her attorney, and the judge's purported discourteous behavior including leaving the bench and rolling his eyes during argument.

On December 18, 2024, the judge entered an order denying defendant's motion. In an accompanying written statement of reasons, the judge found there was no basis for recusal under <u>Rule</u> 1:12-1(g). The judge stated he had not been involved in a disciplinary matter regarding defense counsel and explained his

A-1851-24

conduct fell within his wide discretion to control judicial proceedings.  The judge also found defendant had failed to demonstrate prejudice or potential bias.

II.

Recusal motions are "entrusted to the sound discretion of the judge and are subject to review for abuse of discretion."  Goldfarb v. Solimine 460 N.J. Super. 22, 30 (App. Div. 2019), aff'd as modified on other grounds, 245 N.J. 326 (2021)) (quoting State v. McCabe, 201 N.J. 34, 45 (2010)).  We review de novo whether the judge applied the proper legal standard to decide the motion. Ibid.

Judges are required to comport themselves in a manner that "promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Code of Jud. Conduct r. 2.1; see also In re Reddin, 221 N.J. 221, 227 (2015).  Judges must recuse themselves from "proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned," Code of Jud. Conduct r. 3.17(b), or if "there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." R. 1:12-1(g).

A-1851-24

To determine if an appearance of impropriety exists, we must discern whether "a reasonable, fully informed person [would] have doubts about the judge's impartiality." DeNike v. Cupo, 196 N.J. 502, 517 (2008); see also Code of Jud. Conduct, r. 2.1 cmt. 3. However, "the belief that the proceedings were unfair must be objectively reasonable." McCabe, 201 N.J. at 43 (quoting State v. Marshall, 148 N.J. 89, 279 (1997). Because "the mere appearance of bias may require disqualification," a party is not always compelled "to prove actual prejudice on the part of the court." Ibid.

A judge's withdrawal from a case "upon a mere suggestion" of disqualification is improper. Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001). A judge should not step aside from a case "unless the alleged cause of recusal is known by him to exist or is shown to be true in fact." Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986); see also Marshall, 148 N.J. at 276 (stating "judges are not free to err on the side of caution; it is improper for a court to recuse itself unless the factual basis for its disqualification are shown by the movant to be true or are already known by the court").

III.

We discern no abuse of discretion in the judge's finding that recusal is not warranted under Rule 1:12-1(g). Thus, we affirm the order on appeal.

Defendant contends the judge was required to recuse himself due to his purported involvement in a prior disciplinary matter concerning defendant's counsel. The judge expressly denied any such involvement in his written statement of reasons and the record contains no evidence substantiating defendant's allegation. Because recusal may not rest on mere speculation or unsupported belief, Hundred E. Credit Corp., 212 N.J. Super. at 358, defendant's allegations do not merit recusal.

Defendant posits the judge's repeated interruptions of her attorney, purportedly discourteous behavior, and occasional departures from the bench during argument demonstrated bias. We are unconvinced. The record reflects the judge's interruptions were geared toward cabining argument to disputed issues to ensure an orderly and efficient proceeding. Trial judges possess broad discretion to control courtroom proceedings, through regulating presentation of arguments and maintaining focus on relevant issues. See Ryslik v. Krass, 279 N.J. Super. 293, 297 (App. Div. 1995) (alteration in original) (quoting Horn v. Village Supermarkets, Inc., 260 N.J. Super. 165, 175 (App. Div. 1992) (stating

A-1851-24

"[a] trial judge has the ultimate responsibility to control the trial in the courtroom and is given wide discretion to do so")).

The transcript demonstrates the judge left the bench during the March 1, 2024 oral argument to allow counsel to discuss an issue outside his presence—conduct within the ambit of judicial discretion to control courtroom proceedings. The record does not demonstrate the judge's behavior was hostile toward defendant or her counsel, nor would it cause a reasonable, fully informed observer to doubt the judge's impartiality.

Thus, we find no abuse of discretion in the judge's denial of defendant's motion under Rule. 1:12-1(g). Any arguments we have not addressed, including defendant's unsupported allegation that the judge did not review or understand the pleadings, lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1851-24